**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**KENNY CARTER, 90-A-6018,**

                Plaintiff,

v.                                                                                              04-CV-0522(Sr)

**GLEN GOORD, et al.,**

                Defendants.

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #15.

Plaintiff, proceeding *pro se*, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983, on July 19, 2004. Dkt. #1. Upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Hon. Richard J. Arcara dismissed certain claims with prejudice and granted plaintiff leave to file an amended complaint with respect to other claims. Dkt. #6. Plaintiff was instructed that his complaint would be dismissed with prejudice if he failed to file an amended complaint by January 21, 2005. Dkt. #6. Subsequently, plaintiff requested and received lengthy extensions of this deadline from the undersigned. Dkt. ##8, 10, 12. In the most recent Order granting plaintiff's request for an extension of time to file an amended complaint, the Court extended plaintiff's deadline to October 27, 2006. Dkt. #12. Because this case had been pending for more

than two years without a valid complaint, the Court warned plaintiff that no further extensions of time would be granted.  Dkt. #12.

Plaintiff failed to file an amended complaint as directed by the Court. Instead, plaintiff filed a motion for injunctive relief and a motion seeking recusal of the undersigned.  Dkt. ##13 & 16.  As there is no complaint, plaintiff's motion for injunctive relief is premature.  Furthermore, plaintiff's request for recusal is not supported by any factual basis for such relief, and no such basis can be inferred given that this Court's only involvement in this matter has been to grant plaintiff's requests for extensions of time to comply with Judge Arcara's order directing that plaintiff file an amended complaint.

Finally, the Court notes that although plaintiff's motion for injunctive relief and motion for recusal repeat some of the conclusory allegations set forth in his original complaint, they do not correct the flaws identified in Judge Arcara's Decision and Order dismissing the complaint without prejudice to filing an amended complaint.[1]  As a result, more than two years after the filing of the initial complaint, plaintiff has yet to identify who conducted the challenged disciplinary hearings, how his due process rights were denied at those hearings, what discipline was imposed at the conclusion of those hearings and why such discipline constituted an atypical and significant hardship.  Moreover, plaintiff has failed to identify any individual who destroyed or refused to replace his eyeglasses on any date or to allege that corrections officials were aware of his serious medical need

---

[1] Plaintiff did comply with the Court's directive to petition for writ of *habeas corpus* with respect to his allegations regarding denial of parole.  *See Carter v. Superintendent of the Lakeview Correctional Facility,* No. 05-CV-147.

for eyeglasses and were deliberately indifferent to this need.  Similarly, plaintiff has failed to assert any facts to support his claim of food poisoning or contamination, *to wit*, how the food was contaminated, where it was served, when it was served and who served it. With respect to his allegation of interference with legal mail, plaintiff has failed to identify what mail was stolen, when and where it was stolen, who stole it, or how he was injured as a result of the theft.

As a result of the foregoing, it is recommended that plaintiff's motion (Dkt. #13), for injunctive relief be denied; plaintiff's motion (Dkt. #16), for recusal be denied; and that the Court exercise its discretion, pursuant to Fed. R. Civ. P. 41(b), to dismiss this action for failure to comply with court orders and failure to prosecute.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the

magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the *pro se* plaintiff.

**SO ORDERED.**

DATED:    Buffalo, New York
          March 12, 2007

                                    **S/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**